**NOT FOR PUBLICATION**

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50261 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01435-W-1 |
| v. | |
| MARK TODD HAUZE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Mark Todd Hauze appeals the judgment and restitution order following his

jury conviction for eight counts of mail fraud and aiding and abetting in violation

of 18 U.S.C. § 1341 and 18 U.S.C. § 2, six counts of wire fraud and aiding and

abetting in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, and one count of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

making false statements on a tax return in violation of 26 U.S.C. § 7206(1). These charges arose from Hauze's scheme to defraud and obtain money from investors through his foreign currency trading fund (Universal Money Traders) and foreign currency hedge fund (Universal Currency Fund). We affirm.

The district court did not err in denying Hauze's motion to dismiss the indictment as multiplicitous. *See United States v. Garlick*, 240 F.3d 789, 794 (9th Cir. 2001). Each count of mail and wire fraud included in the indictment alleged a separate act of mailing or wiring.

Whether or not Hauze had a fiduciary relationship with his clients is irrelevant to the charged offenses, because Hauze was not charged with "honest services" fraud. 18 U.S.C. §§ 1341, 1343; *see United States v. Milovanovic*, 678 F.3d 713, 721 (9th Cir. 2012) (en banc).

The district court did not abuse its discretion in admitting evidence that Hauze guaranteed his clients a $300 stop-loss for each $2000 trading position. Such testimony was relevant to the charge that Hauze defrauded investors by inducing them to invest in Universal Money Traders and Universal Currency Fund based on false promises of stop-loss protection.

The district court did not abuse its discretion in denying Hauze's motion for a new trial. The evidence of Hauze's 2002 sanctions was admissible as substantive

2

evidence that Hauze falsely represented to his clients that he had a clean record. *See United States v. Wellington*, 754 F.2d 1457, 1465 (9th Cir. 1985). This evidence was also admissible under Federal Rule of Evidence 404(b) as evidence of Hauze's knowledge and intent to defraud. Evidence that Hauze had previously been sanctioned for deceiving a client and churning a client's account makes it more probable that Hauze knew his representations in the charged scheme were fraudulent and that he intended to defraud his clients. The website printouts were also admissible. The website printouts were properly authenticated through the trial testimony of the website designer. Fed R. Evid. 901(a).

Finally, the district court did not abuse its discretion in including losses incurred by Universal Currency Fund investors in its restitution order. 18 U.S.C. § 3663A(a)(2). Restitution for mail and wire fraud may be ordered for all persons directly harmed by the scheme. *See United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002).

For these reasons, Hauze's judgment of conviction and restitution order is **AFFIRMED**.

3